UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LIONEL LUSSIER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 1:94-cr-00011-GZS |
| | ) | 1:13-cv-00474-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Lionel Lussier has filed a second or successive motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 211.) In this motion, he argues that his conviction as an armed career criminal is unconstitutional under recent Supreme Court cases, namely, Alleyne v. United States, 133 S. Ct. 2151 (2013), and Southern Union Co. v. United States, 132 S. Ct. 2344 (2012), and therefore the conviction and sentence should be vacated. (Motion at 1, 4.) I recommend that his motion be dismissed without requiring the government to answer, in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, because this motion is subject to the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h).

**Facts and Procedural History**

The following is an abbreviated summary of the facts and procedural history, derived in part from the First Circuit's opinion in United States v. Bennett, 75 F.3d 40 (1st Cir. 1996), in which the Court affirmed Lussier's conviction. Lussier and his co-defendant, George Bennett, were charged with conspiracy to possess marijuana with intent to distribute, 21 U.S.C. § 846; carrying or using a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1); and unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Id.

at 44. "The charges stemmed from a bizarre March 1994 episode in which Bennett, Lussier, and Gary King, in an attempt to avenge a previous drug-related attack and robbery against mutual friend Ronald Madore, mistakenly entered the wrong home and assaulted the occupants, ultimately shooting one of them through the finger." Id. Madore and King pleaded guilty to various offenses, and Bennett and Lussier were convicted following a five-day jury trial in 1994. Id. Lussier was sentenced to a total of 378 months in prison. Id. The conviction was affirmed on appeal. Id. at 49.

Lussier filed a prior section 2255 motion before the one now pending. His first section 2255 motion concerned the same judgment as the one he challenges here, and that motion was decided on the merits by this court in July 2001 by an order affirming my recommended decision, followed by a judgment and an amended judgment. United States v. Lussier, No. 94-11-B-S, 2001 WL 636449, 2001 U.S. Dist. Lexis 7375 (D. Me. June 6, 2001) (ECF Nos. 187, 188, 189, 193.) The First Circuit denied a certificate of appealability. Lussier's unsuccessful argument in that motion was based in part on Apprendi v. New Jersey, 530 U.S. 466 (2000). The court held that Apprendi did not operate retroactively and therefore did not place Lussier's motion within any exception to the one-year statute of limitations, and it rejected his arguments on the merits.

## Discussion

I have not ordered the government to answer, as I conclude that this is a second or successive motion pursuant to 28 U.S.C. §2255(h)(2), which provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In the pending

motion, Lussier asserts that he is entitled to relief due to a new rule of constitutional law. Specifically, his argument is based on the recent Supreme Court cases of Alleyne and Southern Union. He argues that these cases render the earlier Supreme Court case of Apprendi retroactive. (Motion at 4.)

This court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized us to consider it. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also First Circuit Local Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)).

**Conclusion**

For the reasons stated above, I recommend that the court dismiss the motion. I further recommend that the court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 6, 2014